## Shorb's Executors *versus* Shultz.

*Contract declared void for want of Consideration.*

A., by instrument of writing dated April 19th 1856, agreed that "if S. sells his houses in ——— I will get his release of the judgment Pennsylvania-Furnace has on it, and pay his part of it to the furnace if done within the year 1856. This he may show to any person he wishes to sell to, or to L.," who was a partner with A. in the furnace. A. dying within the year, the judgment was not released or paid, and the contract of sale entered into by S. failed. In an action by S. against A.'s executors, on the agreement, it was *Held*, that there being no evidence of a consideration for a promise to S. outside of the writing itself, and none being expressed therein, the engagement on A.'s part was voluntary without any equivalent, and not enforceable at law: consequently no action could be sustained on the agreement.

Error to the Common Pleas of *Centre county*.

This was an action of *assumpsit*, brought to August Term 1857, by Samuel Shultz against J. F. Mathias and James B. Murray, executors, &c., of Anthony Shorb.

The plaintiff declared in special *assumpsit*, setting out the instrument on which his cause of action was founded (a copy of which will be found in the opinion of this court); to which the defendants pleaded *non assumpsit* and payment with leave, &c.

There was no consideration expressed in the instrument on which suit was brought, but evidence was offered and received under exception, from which it was believed an adequate consideration was inferrable.

Under the ruling of the court below, there was a verdict and judgment for plaintiff; whereupon this writ was sued out by defendants.

All the material facts of the case, the exceptions taken to the admission of evidence in the court below, and the errors assigned here, are fully stated in the opinion of this court.

*McAll ... & B ... ,* for plaintiffs in error.

*James T. Hale* and *Adam Hoy*, for defendant in error.

The opinion of the court was delivered, June 26th 1862, by

Strong, J.—The cause of action of the plaintiff below was founded on an instrument of writing, signed by Anthony Shorb, the defendants' intestate, and dated April 19th 1856. The instrument is in these words:—

"If Samuel Shultz sells his houses in Pine Grove, I will get his release of the judgment Pennsylvania Furnace has on it, and pay his part of it to the furnace, if done within the year 1856. This he may show to any person he wishes to sell to, or to Mr. Lyon.

"April 19th 1856.　　　　　　　　"A. Shorb."

If this writing can be regarded as an assumption of any engagement to Samuel Shultz, if its purpose was anything more than an offer to Mr. Lyon or to any person who might buy the Pine Grove property, the question still remains, was there any consideration for the promise? None certainly is found in any evidence outside of the paper itself. Explanatory circumstances were proved. It was proved that Mr. Shorb and Mr. Lyon were partners in carrying on the Pennsylvania Furnace; that the firm held a large judgment against Shultz and Burchfield, which was a lien on Shultz's houses in Pine Grove, as well as upon other property; that the judgment was much greater in amount than the entire value of the houses, and that Shorb was the uncle of Shultz. But there was no evidence of any consideration of a promise to Shultz, except what is revealed by the writing itself. Now, the party who seeks to recover damages for the breach of a promise made to him, must show that there was a consideration for the promise. The burden is upon him. Nor will the law presume a consideration if none be expressed or shown. In the instrument upon which this suit is brought, none is expressed. The argument in support of the charge of the learned judge of the Common Pleas, is that a sale by Shultz was the consideration; that the sale was made at Shorb's desire or request, and that the consent to sell was purchased by the promise. But the instrument does not say so. It does not speak of any request by Shorb, or even wish, that the plaintiff should sell. Doubtless it was intended to facilitate any sale which might be made—to remove from the mind of any one who contemplated purchasing, apprehension of the judgment, and to satisfy his partner, Mr. Lyon. To them it was an offer. Had any purchaser bought on the faith of it, he might have insisted that the property should be disencumbered of the judgment. The instrument bears some resemblance to a letter of credit. It was made to be shown to a purchaser, and whatever consideration there was that could give it life, was not in the sale, but was to come from the purchaser or from Mr. Lyon. The utmost that can be said of the sale is, that it was to be the condition of the release or payment of the judgment, not a consideration for the promise to release and pay. The paper may be correctly paraphrased thus: "Tell Mr. Lyon or any person who may wish to buy the Pine Grove houses of Samuel Shultz, that if or in the event he sells them within the year 1856, I will get him released from the judgment which is a lien on it, and pay his part to the furnace." As between Shultz and Shorb, we can see no consideration for the undertaking, even if it was a promise to Shultz at all. It was a voluntary engagement, without any equivalent, dictated probably by motives of kindness, but not enforceable at law.

[Shorb's Executors *v.* Shultz.]

We think, therefore, the court erred in not affirming the first and second points of the defendants below, and in not instructing the jury that the plaintiff could not recover.

As this ends the case, it is unnecessary to notice the other assignments of error.

The judgment is reversed.